UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------X

CYNTHIA CUBERO,                                     Index No.:

               Plaintiff,

                                                            **COMPLAINT**

       v.

SANSONE AUTO NETWORK, ROUTE ONE      **JURY TRIAL DEMANDED**
CORPORATION individually and d/b/a
SANSONE'S ROUTE 1 TOYOTA, JOSE
CORNIELES individually and GARY BREGMAN,
individually,

               Defendants.
-----------------------------------------------------------------------X

## NATURE OF THE CASE

1.   Plaintiff, CYNTHIA CUBERO, complains pursuant to Title VII of the Civil Rights Act of
1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), the New Jersey Law Against
Discrimination ("NJLAD"), and New Jersey common law, seeking damages to redress the
injuries Plaintiff has suffered as a result of being discriminated against by her employer on
the basis of her sex/gender and sexual orientation, together with sexual harassment, *quid pro
quo* sexual harassment, creating a hostile work environment, retaliation and unlawful
termination.

## JURISDICTION AND VENUE

2.   The Court has jurisdiction pursuant to 42 U.S.C. §2000e et. Seq.; 28 U.S.C. §1331, §1343,
and supplemental jurisdiction thereto.

3.   This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that Plaintiff was employed by Defendants within the District of New Jersey and the discriminatory actions occurred within the District of New Jersey. 28 U.S.C. §1391(b).

5. On or about March 30, 2016, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

6. This action is being brought within ninety (90) days of the Notice of Right to Sue letter.


## PARTIES

7. Plaintiff is female and homosexual and is a resident of the State of New York, County of Richmond.

8. At all times material, Defendants SANSONE AUTO NETWORK and ROUTE ONE CORPORATION individually and d/b/a SANSONE'S ROUTE 1 TOYOTA (herein also collectively referred to as "SANSONE AUTO") are domestic profit corporations duly incorporated under the laws of the State of New Jersey.

9. At all times material, Defendant CORNIELES was and is employed by Defendants SANSONE AUTO as a "General Manager."

10. At all times material, Defendant CORNIELES was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

11. At all times material, Defendant BREGMAN was and is employed by Defendants SANSONE AUTO as a "General Sales Manager."

12. At all times material, Defendant BREGMAN was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

13. Defendants SANSONE AUTO, Defendant CORNIELES and Defendant BREGMAN are also herein collectively referred to as "Defendants."

14. At all times material, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

15. In or around June 2014, Plaintiff began working for Defendants SANSONE AUTO as a "Sales Manager" at their Toyota dealership located at Sansone Route 1 Auto Mall, 90-100 U.S. 1, Avenel, NJ 07001.

16. Plaintiff was one of only four female employees in the Toyota dealership and the only female sales manager.

17. Throughout her employment, Defendant BREGMAN would harass and discriminate against Plaintiff on the basis of her sex/gender.

18. For example, on or about July 12, 2014, during a conversation between Defendant BREGMAN and Sales Manager, Charlie Czewkowski, Plaintiff overheard Defendant BREGMAN say, **"I hate when they hire women because they don't do shit."**

19. Defendant BREGMAN would also tell male colleagues that **"women don't belong in the car business"** and that the automotive industry is a **"tough business for women."**

20. In addition to his sexist remarks, Defendant BREGMAN would also undermine Plaintiff's authority and expertise because of her gender.

21. By way of example, Defendant BREGMAN would specifically tell sales associates that they should not confer with Plaintiff regarding vehicle sales prices even though such guidance was an integral part of Plaintiff's position.  Instead, sales associates were directed to consult with male sales managers about pricing.

22. Defendant BREGMAN would also constantly interrupt Plaintiff and challenge her directives when she was speaking to subordinates.

23. In a further attempt to undermine Plaintiff's authority, Defendant BREGMAN would refer to Plaintiff as "Sweetie," "Babe" and "Baby" in the presence of staff.  When Plaintiff told Defendant BREGMAN that he should not refer to her in such manner, he simply laughed and continued his discriminatory conduct.

24. In or around early August 2014, Plaintiff requested a meeting with Defendant CORNIELES, Defendant BREGMAN and Charlie Czewkowski.  During the meeting, Plaintiff complained about Defendant BREGMAN's undermining tactics and specifically addressed Defendant BREGMAN's statement that he "hate[s] when they hire women because they don't do shit."

25. Although Defendant BREGMAN initially denied making the statement, Charlie Czewkowski corroborated Plaintiff's allegations.  As a result, Defendant BREGMAN was issued a written warning for his discriminatory conduct.

26. Despite the written warning, Defendant BREGMAN continued his pattern of discrimination toward Plaintiff through his undermining tactics and by voicing his opinion that women do not belong in the automotive industry.

27. On a weekly basis, Plaintiff complained to Defendant CORNIELES about the ongoing harassment and discrimination.  However, Defendant CORNIELES failed to take any corrective measures.  In fact, on one occasion, Defendant CORNIELES responded that Plaintiff should simply ignore Defendant BREGMAN's discriminatory conduct because Defendant BREGMAN is Jewish and Jewish people are inherently prejudiced.

28. Then, in order to retaliate against Plaintiff for her complaints to Defendant CORNIELES, Defendant BREGMAN attempted to tarnish Plaintiff's reputation by spreading false rumors

4

that Plaintiff was widely disliked among the staff and that people did not want to do business with Plaintiff.

29. In or around late 2014, Defendant SANSONE AUTO's Finance Manager, Rick DeSantos, cautioned Plaintiff, **"[Defendant BREGMAN] is after you."**

30. In addition to ongoing sex/gender discrimination, Plaintiff was also subjected to sexual harassment and discrimination on the basis of her sexual orientation.

31. Shortly after her hire, Plaintiff informed her colleagues, including Defendant CORNIELES and Defendant BREGMAN, that she was gay.

32. After Plaintiff disclosed her sexual orientation, Defendant CORNIELES began asking Plaintiff inappropriate and intimate questions about her sexuality.

33. By way of example, on one occasion, Defendant CORNIELES asked Plaintiff whether she had ever had a threesome.

34. Defendant CORNIELES added that he would like to watch his wife have sex with another woman and that he fantasized about having a threesome with his wife and her twin sister.

35. Whenever an attractive female customer entered the dealership, Defendant CORNIELES would ask Plaintiff, **"Would you do her?"**

36. In reference to female customers, Defendant CORNIELES and Defendant BREGMAN would also say, **"Nice ass"** and **"Look at that one's tits."**

37. Defendant CORNIELES would also send Plaintiff inappropriate text messages, including for example, **an internet meme with a picture of a man holding a woman's breast with the caption, "This Could Be Us…."**

38. As even more examples of Defendants' discriminatory treatment, Defendant CORNIELES and Defendant BREGMAN would repeatedly use gay slurs in the workplace such as **"faggot"** and **"homo."**

39. One on occasion, Plaintiff entered a group meeting mid-conversation and overheard Defendant BREGMAN state, "Do they make that for homosexuals?"  Defendant BREGMAN immediately erupted in laughter.   Upon hearing Defendant BREGMAN's discriminatory remark, Plaintiff exited the room.

40. Plaintiff repeatedly complained to Defendant CORNIELES about the ongoing harassment and discrimination.   However, Defendant CORNIELES continually ignored Plaintiff's complaints about Defendant BREGMAN and continued to engage in his own pattern of discriminatory conduct.

41. On or about January 12, 2015, Defendant CORNIELES called Plaintiff into his office and abruptly terminated her employment.   When Plaintiff asked Defendant CORNIELES why she was being terminated, he tersely responded, "I don't need a reason."   When Plaintiff reminded Defendant CORNIELES that he had frequently complimented Plaintiff on her work performance, Defendant CORNIELES told Plaintiff, "Well a lot has happened," referring to Plaintiff's complaints of discrimination.   Defendant CORNIELES also told Plaintiff that Defendants were generally "cutting down on people."

42. Defendants would not have terminated Plaintiff but for sex/gender and sexual orientation.

43. Defendants would not have terminated Plaintiff but for her complaints about Defendants' discriminatory conduct.

44. Defendants would not have retaliated against Plaintiff but for her opposition to Defendants' unlawful conduct.

45. Defendants would not have harassed Plaintiff but for sex/gender and sexual orientation.

46. Plaintiff's continued employment was based on her submission to, and/or her refusal of, Defendant CORNIELES' sexual advances.

47. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

48. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## AS A FIRST CAUSE OF ACTION
## UNDER TITLE VII
## <u>DISCRIMINATION</u>

50. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants SANSONE AUTO's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

52. Defendants SANSONE AUTO engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her sex/gender, together with sexual harassment, *quid pro quo* sexual harassment and creating a hostile work environment.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## RETALIATION

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

55. Defendants SANSONE AUTO engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## DISCRIMINATION

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57. New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: (a) For any employer, because of race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

58. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender/sex and sexual orientation, together with sexual harassment, *quid pro quo* sexual harassment and creating a hostile work environment.

## AS A FOURTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## RETALIATION

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if fully set forth herein.

60. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: d) For any person to take reprisals against any person because that person

has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act."

61. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff as set forth herein.

62. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(d) *et. seq*.

63. As such, Plaintiff has been damaged as set forth herein.

## AS A FIFTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## AIDING AND ABETTING

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination.   It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:  e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

66. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

67. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) *et. seq*.

68. As such, Plaintiff has been damaged as set forth herein.

## AS A SIXTH CAUSE OF ACTION
## <u>COMMON LAW WRONGFUL DISCHARGE</u>

69.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. Pursuant to *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 72 (1980), "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy," including but not limited to "legislation; administrative rules, regulations or decisions; and judicial decisions."

71. Defendants' acts and omissions constitute a wrongful discharge in violation of public policy.


**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), the NJLAD, and New Jersey common law and that Defendants harassed and discriminated against Plaintiff on the basis of her sex/gender and sexual orientation, together with sexual harassment, *quid pro quo* sexual harassment, creating a hostile work environment, retaliation and unlawful termination;

B.  Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful discharge and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation;

D. Awarding Plaintiff all unpaid commissions, bonuses and all monies due and owing to her, plus interest and other such legal and equitable relief;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
        April 25, 2016


                                        **ARCÉ LAW GROUP, PC**
                                        *Attorneys for Plaintiff*


                                By:
                                        Erica L. Shnayder, Esq.
                                        30 Broad Street, 35th Floor
                                        New York, New York 10004
                                        (212) 248-0120

12